## THOMPSON et al. v. WILLIAMS et al.

The grant of authority to the County Judge to award injunctions in cases brought in the District Court, is a mere power to issue mesne process auxiliary to the proper jurisdiction of the District Court, and is not trenching upon it.
There is no prohibition in the Constitution to this grant of authority to the County Judge, and the implication is decidedly in favor of its exercise,

APPEAL from the District Court of the Fourteenth Judicial District, county of Nevada.

This was an appeal taken from an order granting an injunction in the District Court, made by the County Judge of Nevada County, enjoining the defendants and their agents, etc., from interfering with the plaintiffs' dam or water privileges.

The injunction was granted on the return of an order to show cause, and after examination of witnesses on the part of defendants and plaintiffs, and argument of counsel.

*Dunn & Hupp* for Appellants.

The County Judge has no constitutional power to grant an injunction, that being a judicial act; and the action of the Judge of the County Court was *coram non judice.*

Constitution, Title *Judiciary;* Brock v. Herrick, 5 Cal., 279; Parsons v. Tuol. Co., 5 Cal., 43. Also, Hudson v. Caulfield, and Reid's Heirs v. McComack, Cal R.

*Churchman & Belden* for Respondents.

Mr. Justice HEYDENFELDT delivered the opinion of the Court.  Mr. Justice TERRY concurred.

Objection is made to the power of the County Judge to grant injunctions.  The Constitution, after fixing and limiting the power of this official, as Judge of the County and Probate Courts, and Court of Sessions, adds that " he shall perform such other duties as shall be required by law."

The jurisdiction of each of the Courts established by the Constitution is specifically pointed out by that instrument, and we have repeatedly held that the Legislature has no power to alter the Constitutional boundaries.

But the grant of authority to the County Judge to award injunctions in cases brought into the District Court, is not trenching upon the limits of jurisdiction of any of the Courts.  It is a mere power to issue a process auxiliary to the proper jurisdiction of the District Court.  The County Judge does not try or decide the case, nor does any Court of which he is Judge take jurisdiction of it; he only issues a mesne process.  In the revenue cases, decided at the January Term, 1854, 4 Cal. R., we held that the Legislature possessed every power not prohibited to it by the Constitution, either expressly or by clear implication.

There is evidently no express prohibition to their grant of this authority to the County Judge, and the implication is decidedly in favor of its exercise, from the requirement upon him " to perform such other duties as shall be required by law ;" this latter clause distinctly implying that duties other than those prescribed in the Constitution may be imposed upon him.  In Burgoyne v. The Supervisors, decided at the January Term, 1855, 5 Cal. R., in giving a construction to this clause we held that the duties which may be thus additionally imposed must be of a judicial or quasi judicial character, and this I apprehend can be the only limitation upon them so long as they do not usurp the constitutional jurisdiction of any other Court.

Upon the facts of the case as disclosed in the bill and answer and testimony, we see no sufficient reason to disturb the injunction before a trial has been had upon the merits of the case.

Order affirmed.