26   133
66h  572

ELY and others *vs.* THE CITY OF ROCHESTER.

Where a municipal corporation, by virtue of the power conferred by its charter, attempts to exercise the right of eminent domain, not by taking private property for public use, but by repairing, improving and fitting for a safer and more convenient public use that which has already been taken, the power to do the act—in the absence of any limitation placed thereon by the sovereign authority—necessarily includes the right of determining upon the plan and mode of doing it. No action, therefore, will lie to restrain the corporation from doing the work upon the plan adopted by it.

Thus where, in an action against the city of Rochester, it appeared from the complaint that the corporation was proceeding to rebuild upon a specified plan a bridge across the Genesee river, upon the same site on which a bridge had been maintained and used, as a public thoroughfare for a number of years, and the ground of the action was that the bridge, if constructed upon such plan would, when completed, cause an addition to the back water, upon the plaintiffs' mills, in periods of high water, and occasion a detention of their mills longer than would otherwise occur from that cause, and thus produce injury and damage to the plaintiffs, for an indefinite period; and that another plan might be adopted and carried out, with less prejudice to the interests of the plaintiffs; the right of the public to a passage over the river, by means of a bridge, and the right of the city, in its corporate character, to construct a bridge at that point, not being questioned; and there being no pretense that the plan adopted was not in every respect suitable and proper for the bridge, so far as related to the public interests and convenience; *Held* that this was not a case in which the law gave a right of action to the plaintiffs.

The authority which the corporation attempts to exercise, in such a case, is of a public nature, and for the interests, necessities and convenience of the public; and being lawful in its character, all private rights and interests are, to a certain extent, subordinate to it. The injury, if any, resulting to individual rights, from such acts, is *damnum absque injuria,* for which no action lies.

THIS was an appeal from a judgment rendered at special term, against the plaintiff, upon demurrer to the complaint. The suit was instituted to restrain the erection of a bridge across the Genesee river, in the city of Rochester, upon the plan proposed by the defendants, on the ground that the erection would obstruct the passage of the water in the stream, and set it back upon the plaintiffs' mills. The plaintiffs are all owners of mills and hydraulic privileges situate upon the river, above the bridge proposed to be erected. The complaint stated that Rochester, Carroll and Fitzhugh were, prior to 1817, proprietors of a large tract of land upon the west bank of the river, and that Johnson and Seymour were proprietors of a like tract on the east side. That there is a rapid or fall in the river, upon these two tracts of land, of eighteen or twenty feet. That these proprietors subdivided their several tracts and laid out thereon mill-sites, and constructed canals for conducting the water of the river to such sites; and the plaintiffs severally deduce title to their respective mill-sites and hydraulic privileges, from one or the other of these proprietors. That the water used for propelling the plaintiffs' mills is taken from one or the other of the canals so constructed, and is discharged through tail-races into the river below the falls, but above the bridge proposed to be erected, and that the water has been so used and discharged for more than twenty years; that in 1824 a bridge was erected across the river with two stone piers in the channel of the river, and with stone abutments, one at either end, which bridge still continues. That the defendants propose to erect a solid stone bridge on the site of the old bridge, with five stone arches to be supported by four piers in the channel of the river, and with stone abutments at either end. That since the erection of the bridge in 1824, the channel of the river, both above and below the bridge, has been considerably contracted by solid erections, and so as to set back the water of the river, particularly in times of high water in the river, on to the plaintiffs' mills and machinery, and seriously impede their operation. That the bridge ·

proposed to be erected by the defendants will occasion a very serious additional obstruction to the free flow of the water of the river, and will greatly increase the back water upon the mills and machinery of the plaintiffs, particularly in times of high water, which generally occurs twice in each year, and will occasion a detention of the mills and machinery of the plaint- iffs several days, at each return of high water, longer than they would otherwise be detained or obstructed by back water; and that the plaintiffs will sustain great and irreparable loss and damage by the proposed erection. That a stone bridge might be erected with three arches and two piers in the river at no greater expense, which would be equally safe and secure, and would not materially damage the plaintiffs. The com- plaint prayed for a perpetual injunction and for general relief.

The grounds of demurrer were: that there was a misjoinder as well as a defect of parties, both plaintiffs and defendants; and that the complaint did not state facts sufficient to consti- tute a cause of action.

*S. Mathews,* for the plaintiffs.

*J. C. Chumasero* and *T. C. Montgomery,* for the defendants.

*By the Court,* JOHNSON, P. J. Neither the right of the pub- lic to a passage over the Genesee river, by means of a bridge, nor the right of the city, in its corporate character, to con- struct a bridge at the point where the bridge is about to be constructed, is denied, or in any manner drawn in question by the complaint. Indeed it appears plainly, on the face of the complaint, that the defendants are only proceeding to rebuild, upon the same site on which a bridge has been main- tained and used, as a highway or public thoroughfare, for a great number of years past. The action is not to prevent the construction of a bridge, but only to restrain its construction upon the plan adopted. It is the plan, and not the structure

upon some other plan, which is complained of, and sought to be defeated.

The ground of complaint, and of the action, is simply that the bridge, if constructed upon the present plan, will, when completed, cause an addition to the back water upon the plaintiffs' mills, in periods of high water, and occasion a detention of their mills, longer than they would otherwise be detained from that cause, and thus produce injury and damage to the plaintiffs for an indefinite period. The injury apprehended is to be occasional, and temporary only in duration, when it shall occur.

This presents the question whether the law, for such an injury from such a cause, gives the injured party any right of action. The right which the defendants assume to exercise in the acts complained of, is manifestly that of eminent domain, which is necessarily conferred upon municipal corporations for such purposes. (*Angell on Corp.* § 457.) It is exercised in this instance, not in taking private property for public use, but in repairing, improving and fitting, for a safer and more convenient public use, that which has already and long since been taken. The power to do the act, where no limitation is placed upon it by the sovereign authority by which it is granted, necessarily includes the right of determining upon the plan and mode of doing it. The material to be used, the architectural design in reference to cost, solidity, duration and convenience, are all within the exclusive jurisdiction and control of the officers in whom the power is vested. If the right should be conceded to the plaintiffs, of interposing by action, to prevent the erection on the present plan, some other person might, for a similar reason, prevent the construction of another on the plan proposed by the plaintiffs, and the result might be that the public would be deprived, wholly, of the enjoyment of an indisputable and essential privilege. There is no pretense that the plan adopted is not, in every respect, suitable and proper for the bridge, as respects the public interests and convenience. All that is claimed in this

Ely *v.* City of Rochester.

respect is, that another plan might be adopted and carried out, with less prejudice to the interests of the plaintiffs. I am clearly of the opinion that the law affords to the plaintiffs no right of action in such a case. It is an established maxim that no action will lie for the consequences of an act done under lawful authority, if proper care and skill are exercised in performing such act. It will scarcely be pretended, I think, that this action can be maintained, if the plaintiffs could maintain none for the injury after the bridge was completed. And that none could be maintained in that case, for such a cause, seems to me extremely clear. The case falls exactly within the principle which has been repeatedly and uniformly applied to the opening and grading of streets, and the alteration, repairing and improvement of those already opened. The authority which the defendants are attempting to exercise is of a public nature, and for the interests, necessities and convenience of the public, and being lawful in its character, all private rights and interests are to a certain extent subordinate to it. The injury, if any, resulting to individual rights, from such acts, is *damnum absque injuria,* for which no action lies.

The rule established in *Wilson* v. *The Mayor &c. of New York,* (1 *Denio,* 595,) *Radcliff's Ex'rs* v. *The Mayor &c. of Brooklyn,* (4 *Comst.* 195,) *Graves* v. *Otis,* (2 *Hill,* 466,) *Boulton* v. *Crowther,* (2 *Barn. & Cress.* 703,) *Plate Glass Co.* v. *Meredith,* (4 *T. R.* 794,) is decisive of this action. It is unnecessary to notice the other questions raised.

Order affirmed with costs.

[Monroe General Term, December 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]