## CREANOR *v.* NELSON.

WHERE all the proceedings required by law have been taken to condemn land for a public highway, and the damages to the owner have been assessed, and a warrant, drawn by the Auditor on the Treasurer of the county for the amount of the damages has been tendered to the owner of the land, but refused by him, a Court of Equity will not enjoin the Road Overseer from tearing down the fences and opening the highway to the public.

The County Judge who grants an injunction, may dissolve or modify the same, upon a proper application.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*H. O. Beatty*, for Appellant.

Creanor v. Nelson.

At the present time, Courts interfere to prevent trespass to real estate when the title is not disputed, or when, if disputed, the facts are all before the Court, and it appears there is no just reason for disputing the title, and the injury will be continuous or irreparable. Formerly, the Courts only held such injuries irreparable as the skill of man could not repair; such as destruction of trees, removing of beds of mineral, etc. But the more modern decisions hold another kind of injury irreparable. That is an injury done by a trespasser who has not the pecuniary means or ability to repair the damage he has done. This kind of irreparable injury, is alluded to in many of the cases decided by the Supreme Court of this State. (*Merced Mining Co.* v. *Fremont*, 7 Cal. 329, 330; *Bensley* v. *Mountain Lake Water Co.*, 13 Id. 313.)

That the threatened repetition would be a strong reason for the granting of an injunction, we refer to the remarks of Justice Burnett, in *Cach* v. *Simpson et al.* (7 Cal. 341, 342).

The justification turns upon a single point. Is it payment or compensation for a man's property, to give a warrant on an empty treasury? The proceedings to condemn this property for road purposes seem to be regular, except that they offer no payment for the property condemned, unless a warrant on a treasury without money is such. On this point the Supreme Court of this State has repeatedly held, that it is necessary, when taking private property for public use, that the money should be paid before or simultaneous with the taking; or, if not so paid, that the fund shall be provided, so as to pay as soon as the rights of the party deprived are determined by a Court of competent jurisdiction. (*McCam* v. *Sierra County*, 7 Cal. 124; *McCauley* v. *Weller*, 12 Id. 528, 531.)

*Brown & Graves*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an appeal from an order dissolving an injunction. The complaint alleges that the defendant had entered upon the plaintiff's land, torn down the fences, and threatened to continue these acts. The County Judge granted an injunction upon the com-

plaint alone.    The defendant filed an answer justifying the alleged trespass, on the ground that the land in question was a public highway; that he was Road Overseer, and that he entered'on the land as such Road Overseer, to open the highway—but did not aver that the money had been paid to the plaintiff as a compensation for the land taken.    Upon this answer the County Judge who granted the injunction dissolved the same on motion of the defendant.    It appears that the County Judge dissolved the injunction upon two grounds: 1st.  That the complaint was insufficient to authorize the injunction; 2d.  The defendant's answer showed that the injunction ought not to be continued.

The answer alleges that the road in question was duly declared a public highway by the proper authorities, all the steps required by law having been taken, and that he was duly ordered by the Board of Supervisors to open the road as surveyed and marked out, and cause the same to be kept open to the public; that the damages to plaintiff's land were duly assessed at five hundred dollars; that the Board of Supervisors had ordered that said sum be paid to the plaintiff from the General Fund of the county, and ordered the County Auditor to draw his warrant therefor on the County Treasurer, which was done; and before defendant entered on the land, said warrant had been duly tendered to the plaintiff, which he refused to accept; and the warrant is still ready to be delivered to the plaintiff on demand.

The granting of injunctions is an equitable proceeding, and the party seeking this peculiar equitable relief should show that he has a right under all the circumstances to this extraordinary writ.    In a case like the present it must appear, that he will suffer " great or irreparable injury " if the defendant is suffered to continue the acts complained of; it must also appear, that the plaintiff is not in default in the matter.

Under the circumstances of this case, it is clear that the plaintiff will not suffer any injury whatever by the acts of the defendant. The land has been duly condemned to public use for the purposes of a public highway.    The amount the plaintiff is entitled to as a compensation for his land thus taken for public use has been duly ascertained according to law, and the public officers have issued

Creanor v. Nelson.

the proper warrant to the plaintiff, which is the only mode pre-
scribed by law by which the money can be drawn from the public
treasury, and the proper mode by which this compensation is paya-
ble to the plaintiff under the provisions of the statute. His refusal
to receive the warrant and draw the money is his own fault, and
affords him no just ground for saying that he has received no com-
pensation, or a proper foundation for the writ of injunction. When
he asks equity, he must show that he is not in fault. (*Harper* v.
*Richardson*, 22 Cal. 251.)

In the case of *Bruce* v. *The Delaware and Hudson Canal Com-
pany* (19 Barb. 371), the defendants, in enlarging their canal—
which they had a legal right to do—raised by a dam the waters of
a creek on which the plaintiff had a mill, which was injured there-
by: *held*, that the remedy for the injury was by an action for
damages, or by proceedings under the statute for the appraisal and
payment of the damages, and not by an injunction to restrain the
act; that it is not every case, even of a clear violation of the plaint-
iff's rights, that entitles him to an injunction to restrain such viola-
tion. He must first show clearly that the act itself is illegal. To
authorize a temporary injunction, it must appear the act sought to
be restrained is unlawful. So, it has been held that an act done
under a lawful authority, if done in a proper manner, will not sub-
ject the party doing it to an action for the consequences, whatever
they may be. (*Radcliff* v. *Brooklyn*, 4 Com. 195.) So, where
a party, whose land has been taken by a railroad company, might
have insisted on receiving a compensation at the time, but neglected
to do so, and forbears to assert his right until after the road is com-
pleted—and when an interruption of its business would be seriously
injurious—an injunction should not be granted; at least, not until all
ordinary means for obtaining an indemnity have failed. (*Hentz* v.
*Long Island R. R. Co.*, 13 Barb. 647.) Where an authority about
to be exercised by a municipal corporation, is of a public nature,
and for the interests, necessities, and conveniences of the public—
and is lawful in its character—all private rights and interests are,
to a certain extent, subordinate to it. (*Ely* v. *City of Rochester*,
26 Barb. 133.) We cite these authorities to show that the grant-
ing or continuance of an injunction in cases like this, where the

public interests are involved, is not a matter of absolute right, but to be determined by a consideration of all the equities of the case.

It is also urged, that although the County Judge had power to grant the injunction, he had no power to dissolve it—and, therefore, the order dissolving it is void.    Sec. 111 of the Practice Act authorizes a County Judge to grant the order, or writ, and his right to act under this section has been sustained by this Court. (*Thompson* v. *Williams*, 6 Cal. 88 ; *Crandall* v. *Woods*, Id. 449.)    Sec. 118 of the Practice Act provides that, " if an injunction has been granted without notice, the defendant, at any time before the trial, may apply, upon reasonable notice, to the Judge who granted the injunction, or to the Court in which the action is brought, to dissolve or modify the same." Under this statute, the County Judge, who has granted the injunction, may dissolve or modify it, upon a proper application ; and the same reasons which sustain the power to grant, apply equally to the power to dissolve and modify. We see no valid constitutional objection to his exercising the powers vested in him by these sections.

The order is affirmed.