NEW YORK CENT. & H. R. R. Co. *et al. v.* CITY OF ROCHESTER *et al.*

(*Supreme Court, General Term, Fifth Department.* June 23, 1888.)

1. MUNICIPAL CORPORATIONS—DRAINING SEWER ON ANOTHER'S LAND—INJUNCTION TO RESTRAIN.

A city will be enjoined from connecting a sewer with a ditch on another's land, in which it has an outlet for another sewer by license of the owner, where there is no public necessity or exigency requiring such an outlet, and it appears that it would be a nuisance to the land-owner.

2. SAME—EVIDENCE.

In an action to restrain a city from discharging a sewer on plaintiff's land, where it appeared that there was another sewer through which an outlet could be obtained, evidence that complaints had been made that cellars had been flooded through the inadequacy of the second sewer, being secondary, is inadmissible.

Appeal from special term, Monroe county.

Action brought by the New York Cent. & Hudson River Railroad Company and others against the city of Rochester and another to restrain the city from connecting a sewer with a ditch on plaintiff's land. From the judgment entered on the decision of the Monroe special term, defendants appeal.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

*John Van Voorhis,* for appellants. *Albert H. Harris,* for respondents.

BRADLEY, J. The action was brought to restrain the defendants from proceeding to connect with a sewer in East avenue, in the city of Rochester, having its outlet in a ditch along the north side of the railroad of the plaintiff company, another sewer west of it, in the same avenue, which has its discharge through the outlet of Upton Park sewer. The west end of the former and the east end of the other East-Avenue sewer are separated by Upton Park; and the connection would materially increase the flow of sewage into the railroad ditch, which is along near the track of the railroad for the distance of 80 rods, when it leads into Thomas creek. The facts proved on the trial, and found by the court, support no cause of action in the plaintiffs other than the railroad company, independently of it; but it is found, substantially, that they are beneficially interested in the preservation and use of such outlet of the sewer first-above mentioned, and that its continuance through the ditch along the railroad is dependent upon the will or sufferance of the railroad company, because it is by the mere license of the company that the sewage from the sewer is permitted to flow through the ditch as such outlet. This sewer was constructed in 1875, pursuant to an ordinance of the common council of the city adopted in the spring of that year. The railroad company had before then made a ditch along the north side of its tracks to carry off the surface water. This ditch was enlarged some, on account of the use made of it as the outlet of the sewer. It was practically assumed upon the trial that this ditch was on the land of the company, and the trial court so found. There is no evidence of any arrangement with the company by which permission was obtained to use the ditch for such outlet. In the absence of evidence

on the subject, it cannot be presumed that anything more than a bare license or permission was given. Something more than a mere oral arrangement was essential to vest a right or easement in the city to thus use the ditch; and no circumstances appear to justify an inference of an equitable estoppel against the company. The finding of the court that the use was by license only seems to be supported. And the company may at any time revoke it. *Babcock* v. *Utter*, 1 Abb. Dec. 27, *40 N. Y. 115, 397. This right of the railroad company to revoke, and that the defendant has no right or authority to divert the water and sewage from Upton Park outlet sewer into or upon its lands, are alleged by the company in the complaint. It is quite clear, upon the facts as they appear, that no right to do so does exist, and for that reason the company sought by this action to perpetually enjoin the defendant from so doing. The question therefore is whether that plaintiff is entitled to such relief in this action. As a general rule, a court of equity will render such remedy effectual by injunction to restrain the accumulation and casting of water and noxious substances, which will be productive of a nuisance, by one party upon the premises of another. *Beach* v. *Elmira*, 22 Hun, 158. There may, however, be circumstances which will justify or fairly require denial of such relief, and especially when it may be seen that the party has an adequate remedy at law. It does not appear by the evidence that there is any public exigency or existing necessity requiring this connection to be made. For aught that appears, the Upton Park outlet is adequate to take away the sewage of the sewer west of the park, or can be so made as to meet the demand upon it for that purpose. It cannot be seen that the railroad company could have an adequate remedy at law for the consequences of the increased flow of sewage through its lands; and, although it appears that the work of making the connection of the two sewers was nearly completed when this action was commenced, there is no evidence to the effect that the company was advised of the commencement or progress of the work for such time before then as to charge it with laches, to the prejudice of the defendant. Some of these questions referred to had consideration in the case of this railroad company against the defendant, reported as *Vick* v. *City of Rochester*, 46 Hun, 607. The question is not, as suggested by counsel, whether the railroad company has the right to interfere with the action of the municipal authorities in their proceedings to construct or connect sewers. That is wholly for the officers of the city, acting within the scope of their authority, and they will not ordinarily be interrupted by injunction, to prevent consequential injuries necessarily resulting from the lawful exercise of such power. *Ely* v. *City of Rochester*, 26 Barb. 133; *Gray* v. *Brooklyn*, 7 Hun, 632; *Morgan* v. *Binghamton*, 102 N. Y. 500, 7 N. E. Rep. 424. But here the railroad company seeks to protect its premises from the consequences to them by the sewage that will, by the proposed connection of the two sewers, be accumulated from the drainage of a considerable area of the inhabited portion of the city, and cast upon its premises, and made to continuously flow through its land. This may, upon the evidence, be characterized as a nuisance. And, as the previous use of this open ditch for an outlet has been by license merely, there is no right to support any claim to the continuance of the use, and none can arise out of such use to increase the burden, in that respect, upon the land of the company. If there had been a right to the extent of the previous use made of the ditch in that respect, a different question might be presented for consideration. Then there would be a right to support the use, to some extent at least; now there is none. Then the company could not revoke; now it can. And, for the purposes of the remedy, the company announces in the complaint that it does revoke the license. The consequences of revocation entirely are not necessarily here for consideration.

There was no error in the exclusion of the evidence offered to show that complaints had been made of the incapacity of the Upton Park sewer, and

that, as a consequence, cellars were flooded. So far as that fact had import-- ance upon the question of necessity for increased capacity of the means of sewerage, it may be assumed that it may have been shown by evidence of the- fact, rather than by proof that complaints had been made in that respect; and. therefore it was unnecessary to resort to evidence secondary in character.

We think there was no error at the trial, to the prejudice of the defendant, and that the result was permitted by the evidence. The judgment should be· affirmed.

HAIGHT and DWIGHT, JJ., concur.