EDWARD TRACY, APPELLANT, *v.* THE TROY AND LAN-
SINGBURGH RAILROAD COMPANY, RESPONDENT.

*Temporary injunction to prevent the erection, in the street in front of plaintiff's lot, of a pole to sustain the wire of an electric-motor system for street cars — when denied.*

Upon an appeal from an order vacating a temporary injunction restraining the defendant from erecting upon Second avenue, in the village of Lansingburgh, opposite a lot owned by the plaintiff described in the complaint, or opposite to any other lands of the plaintiff in the said village, any poles for sustaining or forming part of an electric-motor system furnishing power for propelling cars, it appeared that the decision was made upon the ground that there was no evidence to show that, if the defendant's work was allowed to proceed until the trial of the action, any irreparable injury would be done, or any injury which could not be compensated by a pecuniary payment, and upon the further ground that if the injunction was allowed to stand a public improvement would be obstructed for many months, which in the end might be allowed to proceed, and thereby the plaintiff would, without a trial, have accomplished the object of his action, and no longer have any inducement to press forward the case.

*Held,* that the order should be affirmed.

*Power* v. *The Village of Athens* (19 Hun, 167) followed.

APPEAL from an order granted at a Special Term held in Albany county, which was entered in the office of the clerk of the county of

Rensselaer, on the 27th day of of August, 1889, vacating a temporary injunction order restraining the defendant from erecting poles in the village of Lansingburgh, opposite the plaintiff's residence.

*C. E. Patterson*, for the appellant.

*E. L. Fursman*, for the respondent.

LEARNED, P. J.:

This is an appeal from an order of Mr. Justice EDWARDS vacating, on a hearing of both sides, an *ex parte* order granted by Judge NOTT. The order of Judge NOTT restrained the defendant from erecting upon Second avenue in the village of Lansingburgh, opposite the plaintiff's lot, described in the complaint, or opposite any other lots of plaintiff in the said village, any poles for the sustaining or forming part of an electric-motor system for furnishing power for propelling cars.

The learned justice who vacated the order, without passing upon the important questions which might arise on a trial of the action, placed the reversal of the order, in his opinion, on the ground that this was not a case where an injunction pending the action should be granted. He held that there was no evidence that, if the defendant's work was allowed to proceed until the trial of the action, any irreparable injury would be done, or any injury which could not be compensated by a pecuniary payment. And he further said, that if the injunction were allowed to stand, a public improvement believed to be of utility would be obstructed for many months, which in the end might be allowed to proceed. And, further, that by this temporary injunction the plaintiff had, without a trial, accomplished the object of his action, and had no longer any inducement to press forward the case.

With these views, for a fuller statement of which we refer to his opinion, we concur. They are in harmony with the decision of this court in *Power* v. *Village of Athens* (19 Hun, 167). We, therefore, affirm the order without expressing any opinion as to the right of the plaintiff on a trial to have a perpetual injunction as prayed for.

LANDON and FISH, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.