ROUND LAKE ASS'N *v.* KELLOGG.

*(Supreme Court, General Term, Third Department. November 26, 1890.)*

INJUNCTION—WHEN GRANTED—DISPUTED LEGAL RIGHT.

    In an action to restrain defendant from selling merchandise on lots leased to him by plaintiff under a lease for 99 years, renewable forever, plaintiff is not entitled to an injunction pending the action, where the only objection to defendant's selling· is the non-payment of a license fee claimed by plaintiff, the right to which is disputed.

Appeal from special term, Saratoga county.

Action by Round Lake Association against Bradford D. Kellogg. Defendant appeals from an injunction restraining him, pending the action, from offering merchandise for sale at Round Lake without a purchased permit from plaintiff.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*J. W. Verbeck,* for appellant. *C. S. Lester,* for respondent.

LEARNED, P. J. This is an appeal by the defendant from an order granting an injunction pending the action. The injunction restrains defendant from selling or offering for sale any goods, wares, or merchandise on certain lots of which he holds a so-called lease from the plaintiff for 99 years, renewable forever, subject to a right to charge not over 5 per cent. per annum on $100 for the care of the camp grounds; also subject to a right to re-enter and abate nuisances and practices contrary to the rules of the association. It is not disputed that the defendant is the lawful owner of the lots and of the

buildings thereon. As the so-called lease is renewable forever, there is probably no reversion or possibility of reverter in the plaintiff. *Van Rensselaer* v. *Hays*, 19 N. Y. 76; *Van Rensselaer* v. *Read*, 26 N. Y. 563.

It is not claimed that the defendant's business of selling goods is a nuisance, or that the goods sold by him are in any way objectionable, or that his business does any injury to any person. It is not claimed that it causes any disturbance, or that it is carried on in an offensive manner. The plaintiff is a corporation, which owned a considerable piece of land that has been laid out into lots, some of which have been leased in the same manner with defendants. There are some 300 cottages, hotels, and boarding-houses on these grounds, and a summer population of some 1,500. At times and on parts of these grounds religious exercises are held, but it is not claimed that the defendant's business interferes with the religion practiced or displayed there. Many persons live in the grounds in summer for recreation, without any special purpose of attending the religious exercises. The defendant keeps a general stock of merchandise, such as is kept in a country store, including fruits and vegetables, and has a stock of about $5,000 in value. There is another store of similar character and there is a tin-ware shop on the grounds. The plaintiff claims the right to fix, a fee for the privilege of selling goods, and therefore to give a license for that privilege on the payment of the fee. They demand from defendant a fee of $100. This claim is based upon certain covenants and conditions in the so-called lease, for a failure to perform which the lease gives, by its terms, a right to re-entry. It is evident, therefore, that the only matter in dispute is the $100. As above stated, the defendant's business is not complained of as a nuisance, and it does not even disturb the devotions of any who are devoutly inclined. Now it is a rule which we have several times enforced that an injunction pending the action should not be granted when it may cause injury which cannot be easily computed if the injunction should finally prove to have been improperly granted, and when the alleged injury to the plaintiff can be easily ascertained and can be compensated in money. *Power* v. *Athens*, 19 Hun, 165; *Tracy* v. *Railroad Co.*, 7 N. Y. Supp. 892; *Bronk* v. *Riley*, 3 N. Y. Supp. 446; *Mohawk Bridge Co.* v. *Utica, etc., R. Co.*, 6 Paige, 563.

In the present case all which the plaintiff asks is the license fee of $100. It has no stores of its own which may suffer by defendant's competition. If the defendant owes plaintiff $100 for the privilege, and if plaintiff can lawfully compel the payment of that sum, no suggestion is made that anything more can be required of him. On the other hand, the defendant is prevented by the injunction from selling his goods. Should it prove finally that he has a right to sell, it will be very difficult to ascertain what his loss has been, what he might have sold, what profit he would have made, and the like. As above suggested, if the defendant's business had been a nuisance to the plaintiff, or had caused disturbance, a very different question would have been presented. But we do not think that an injunction pending the action is the proper mode of collecting a license fee, especially where the right thereto is disputed. Even admitting that the defendant ought to have bought from the plaintiff the right to sell goods on his own land, it does not follow that his business should be broken up, possibly to his great injury. We are referred by plaintiff to *Assembly* v. *Alling*, 46 Hun, 582. It is enough to say on this point that that was the case of a final judgment. We are also referred to such cases as *Lattimer* v. *Livermore*, 72 N. Y. 174. That, also, was a final judgment, and the action was brought to restrain the building on defendant's lots, so as to infringe on plaintiff's easement. Injunction to restrain violations of easement are common, and one of the reasons for applying that remedy is that the injury cannot be compensated in damages.

In the complaint the plaintiff avers that defendant's acts, above stated, are "productive of great injury and damage to the plaintiff," probably making

this averment in recognition of the rule that injury to the plaintiff should be shown in order to entitle the plaintiff to an injunction. But there is no evidence whatever of an injury caused to plaintiff. The defendant shows that the only objection to his selling is that he has not paid the $100 fee. There are undoubtedly some important questions between these parties, which will have to be disposed of upon the trial of this case,—whether defendant is bound by the plaintiff's so-called rules and regulations; whether the establishment of a license fee is authorized; whether the rules and regulations have been properly adopted; whether a final injunction is the proper remedy. These and other questions will come up on the trial. We express no opinion upon these questions. We reverse the order, because we think that it was not proper in this case to grant an injunction pending the action. Order reversed, with $10 costs and printing disbursements, and motion for injunction denied, with $10 costs.