### AMBROSE *v.* CITY OF BUFFALO *et al.*

(*Superior Court of Buffalo, Special Term.*  July 20, 1892.)

INJUNCTION—CONTRUCTION OF SEWER—DAMAGE TO ABUTTING OWNERS.

A court of equity has jurisdiction to restrain a city from constructing a sewer in the street which would drain a fish pond situated on the abutting lot.

Action by Robert Ambrose against the city of Buffalo and others to restrain defendants from the construction of a certain sewer. The injunction was granted, and defendants move to vacate the same. Motion denied.

*George Wing*, for plaintiff.    *Philip A. Laing*, for defendants.

TITUS, C. J.   This action is brought to restrain the defendants from constructing a sewer in Delevan avenue, from the east line of Avenue A to Fillmore avenue.  The plaintiff owns the land on the north side of Delevan avenue, extending to the center of the street.  He has a fish pond on his premises, which is claimed to be of considerable value, stocked with different varieties of fish.  The pond extends 14 feet below the surface of the land, and is formed by excavating the rock.  It is supplied by a spring of water on the plaintiff's land.  The defendant the city of Buffalo has let the job of building a sewer along the center line of Delevan avenue, and in front of the plaintiff's premises, to the defendants Dark, who are now engaged in excavating for that purpose.  The sewer in front of the plaintiff's premises is to be 13 feet below the surface of the ground, and it will be necessary, in constructing it, to excavate about 9 feet of rock.  The rock in this locality is not solid, but is in vertical layers, and of such loose character that, in excavating for the sewer, the plaintiff's pond will be necessarily drained; that the plaintiff will be irreparably damaged; and that the injury is of such a character that he cannot be adequately compensated in damages.  A sewer in front of the plaintiff's premises of such a depth as would not draw the water from his pond can be made which will subserve every needed purpose, and allow perfect drainage to property.  The defendant does not deny any of the foregoing facts, but bases its objection to the granting of an order restraining it from building the sewer on the ground that the city, under the charter, has the right to construct sewers in any street where it is necessary, without reference to the injury done to adjacent property, and whether the fee of the street is in the plaintiff or defendant does not affect the question, as the defendant's right, by virtue of its power as a municipal body, when once determined, is absolute; and if the plaintiff has any remedy at all, it is not in a court of equity, but a common-law action to recover damages sustained.  Whether the plaintiff can maintain an action against the city for damages is not very important in determining the question here raised.  The plaintiff is the owner of the fee of the street, and the public have an easement of a right of way as a public highway, and such rights as are incident the city may exercise for purposes of the public health, comfort, and convenience, and maintain it for all purposes of a street.

I think, under the facts here shown to exist, and not denied, the plaintiff may resort to the remedy by injunction, to effect what cannot, from the undisputed facts, be accomplished in an action for damages, to prevent an irreparable injury.  I have examined the authorities to which the counsel for the defendant has referred me, and I find nothing in conflict with such holding. In those cases where a party can be as fully protected and as fully indemnified by damages as by an injunction, the courts hold that the latter is not the proper remedy.  Such was the case in *Power* v. *Village of Athens*, 19 Hun, 165, and in *Tracy* v. *Railroad Co.*, (Sup.) 7 N. Y. Supp. 892.  The case of *Ely* v. *City of Rochester*, 26 Barb. 133, is an authority rather against the proposition claimed by the defendant's counsel; and in *Blake* v. *City of Brooklyn*, Id. 301, the court held the plaintiff had no remedy either at law or in equity.

It is the rule that, where the injury done cannot be fully compensated in damages, the court will interfere by injunction, and protect the plaintiff's property rights. I do not think the city had such an absolute right in the street as that it can undermine buildings and destroy permanent structures standing upon adjacent land, and not be subject to the restraining process of the law. In *Kelsey* v. *King*, 32 Barb. 410, it was held that a municipal corporation had the right to construct a sewer in the street, because it was positively beneficial to the adjoining property, and enhanced its value, (page 415;) that it contributes to the benefit of the adjoining property, and takes nothing away from the adjoining owner, and that he suffers no detriment and no injury, (page 416.) The plaintiff here shows he will suffer injury which cannot be adequately compensated in damages, and this fact stands undisputed on the record. In 33 How. Pr. 39, this case was reviewed and affirmed in the court of appeals, and it was there held that the city had the right to use the street for the purpose of building a sewer, which might cause the plaintiff damage, but only because the fee of the street had been taken by the city, and he had been compensated for the use of the land to maintain and construct sewers therein, and the court could not review that proceeding, and determine whether such compensation was adequate, and that it was now too late to correct it, if any error had been made in awarding him too small a sum. In *Morgan* v. *City of Binghamton*, 102 N. Y. 500, 7 N. E. Rep. 424, it was held that an injunction would not lie to restrain the defendant from constructing a sewer where the injury was problematic, distant, and merely possible, and which may never arise. The court said: "When the evidence is conflicting, and the injury doubtful, eventual, or contingent, the tribunal intrusted by the law with the plan and execution ought not to be overruled," but that injury, material and actual, must be shown. There is nowhere in the cases that I can find an intimation that this remedy cannot be resorted to where the injury is substantial and damage certain. Where there is no contradiction of the fact that a party will suffer irreparable injury, it is the province of the court to protect a party who will be thus injured in his property rights. It is not intended to hold that the city may not build sewers in the streets, for such use is not necessarily inconsistent with its use for street purposes, but, when the building of sewers is accompanied with serious injury and loss to the abutting owner, then the city has no right to proceed without first making compensation to the plaintiff for his probable damage. The motion, therefore, to vacate and set aside the injunction is denied, with $10 costs of the motion.